G. Lynn Shumway (011714)
shumway@carsafetylaw.com
**SHUMWAY LAW PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona 85018-3345
Telephone: 602.795.3720
Facsimile : 602.795.3728

Brent Ghelfi (011491)
BrentGhelfi@GhelfiLawGroup.com
**GHELFI LAW GROUP, PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona 85018-3345
Telephone : 602.318.3935

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Elizabeth O'Brien**, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **General Motors LLC**, a Delaware limited liability company, <br><br> Defendant. | No. CV-19-05352-PHX-NVW <br><br> **FIRST AMENDED COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Elizabeth O'Brien submits her Complaint against Defendant General Motors LLC as follows:

**Parties**

**1.** Plaintiff Elizabeth O'Brien is an individual and a resident of Maricopa County, Arizona.

1

**2.** She is a citizen of the United States.

**3.** She is also a citizen of the State of Arizona. The State of Arizona is her state of domicile. She has lived her on a permanent basis for many years, and intends to continue to reside and domicile in the State of Arizona on a permanent basis.

**4.** Defendant General Motors LLC ("General Motors") is a foreign limited liability company organized and formed under the laws of Delaware, doing business in Arizona.

**5.** General Motors' principal place of business is the State of Michigan.

**6.** According to General Motors' Corporate Disclosure Statement filed in other matters before this Court:

> General Motors LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors LLC is 100% owned by General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is 100% owned by General Motors Company. General Motors Company is a Delaware corporation with its principal place of business in Michigan.

**7.** The members/owners of Defendant General Motors LLC are citizens and residents of Michigan and/or Delaware.

**8.** None of the members or owners of Defendant General Motors LLC are citizens or residents of the State of Arizona.

**9.** General Motors LLC is and has been engaged in the design, manufacture and sale of automobiles through a nationwide network of subsidiaries and dealerships doing business in the State of Arizona.

## Jurisdiction and Venue

**10.** This Court has jurisdiction of the parties and subject matter.

**11.** Plaintiff Elizabeth O'Brien is a citizen and resident of the State of Arizona, and Defendant General Motors LLC is a citizen and resident of Michigan and Delaware.

**12.** Thus, the parties are diverse and the amount in controversy exceeds $75,000 and, as such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**13.** Venue is proper in this Court.

## Factual Background

**14.** This is a products liability action. The product at issue is a 2011 Buick Lucerne, Vehicle Identification Number 1G4HA5EM6BU141882 (the "Vehicle" or the "Lucerne").

**15.** The Vehicle was manufactured by General Motors.

**16.** The Vehicle, as required by law, included an airbag system.

**17.** When they are deployed timely in frontal collisions, driver airbag systems with inflation and restraint characteristics substantially similar to those in the Vehicle are effective in reducing the severity of moderate to severe and fatal injuries to drivers, compared to expected injuries without airbag deployment to drivers in similar crash events, when the driver's trajectory, during the collision event, takes the driver into the middle section of the deployed driver airbag during such frontal collision events.

**18.** Ultimately, Plaintiff Elizabeth O'Brien purchased the Vehicle.

**19.** On March 28, 2019, at approximately 5:54 pm, Mrs. O'Brien was traveling northbound on Central Avenue in Phoenix in the right hand lane, approaching the intersection with Highland Avenue/Entrance to St. Francis Catholic Church.

**20.** The traffic light on Central Avenue was red as she approached the intersection.

**21.** She had a medical event and passed out.

**22.** As such, Mrs. O'Brien lost control of the Vehicle.

**23.** The Vehicle struck the curb before striking the rear of a vehicle stopped for the red light. Because Mrs. O'Brien was not conscious at the time, she did not depress the brakes before the collision.

**24.** Mrs. O'Brien's Vehicle was totaled in this collision, sustaining significant front end damage:



**25.** The forces in this collision were of such severity that the driver's side airbag should have deployed in this collision.

**26.** This was a "must fire" event.

4

**27.**     However, the airbags did not deploy in the collision:



**28.**     Mrs. O'Brien sustained serious and permanent injuries in this collision.

**29.**     These injuries would have been avoided, or significantly mitigated, had the airbag deployed.

**30.**     There is no acceptable reason for the Vehicle's control module not to have commanded a driver side airbag deployment in the subject collision.

**31.**     The non-deployment of the Vehicle's driver airbag in the collision is evidence of a failure of the Vehicle's airbag system to meet the performance requirements specified by General Motors for that airbag system.

### Claims For Relief

### Count 1

### Strict Liability – Design Defect

**32.**     Plaintiff incorporates the foregoing paragraphs as fully set forth herein.

**33.** The Vehicle, as manufactured, distributed, and sold by General Motors, was unreasonably dangerous due to a defectively designed airbag crash sensing system.

**34.** The risks of the Vehicle as defectively designed, outweighed any benefits of the defective design that led to the driver airbag not deploying.

**35.** A reasonable consumer would expect a driver airbag to deploy in the collision.

**36.** As a direct and proximate result of the defectively designed Vehicle, Plaintiff Elizabeth O'Brien sustained serious and permanent physical injuries.

**37.** Plaintiff has incurred significant medical bills and expenses, as well as pain and suffering and a loss of enjoyment of life.

### Count 2

### Strict Liability – Manufacturing Defect

**38.** Plaintiff incorporates the foregoing paragraphs as fully set forth herein.

**39.** General Motors negligently manufactured the airbag, airbag crash sensing and restraint systems in the Vehicle, causing one or more of those systems, the driver's side restraint system in general, and the Vehicle in general to be unreasonably dangerous and defective.

**40.** As a direct and proximate result of the defectively manufactured Vehicle, Plaintiff Elizabeth O'Brien sustained serious and permanent physical injuries.

**41.** Plaintiff has incurred significant medical bills and expenses, as well as pain and suffering and a loss of enjoyment of life.

## **Prayer For Relief**

**Accordingly,** Plaintiff prays for judgment against Defendants as follows:

1. For compensatory and general damages in an amount to proven at trial;

2. For economic damages, including loss of financial support;

3. For taxable costs and expenses to the extent permitted by law;

4. For pre- and post-judgment interest to the extent permitted by law; and

5. For such other relief as the Court deems just and appropriate.

DATED this 14th day of October 2019.

SHUMWAY LAW PLLC


__G. Lynn Shumway_____
G. Lynn Shumway
4647 N. 32nd Street
Suite 230
Phoenix, Arizona  85018

and

GHELFI LAW GROUP PLLC
Brent Ghelfi

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

Undersigned counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing document was mailed/emailed this 14th day of October, 2019, to:

> C. Megan Fischer, Esq.
> KLEIN THOMAS & LEE
> 340 East Palm Lane, Suite 130
> Phoenix, Arizona 85004
> *Attorneys for Defendant General Motors LLC*

                           s/ G. Lynn Shumway
                              G. Lynn Shumway